

New Jersey Office:  
50 Tice Blvd. Suite 340  
Woodcliff Lake, NJ 07677

565 Taxter Road, Suite 590, Elmsford, NY 10523  
Tel: 914.345.3020 • Fax: 914.366.0080  
www.kkelaw.com

Syracuse Office:  
The Galleries of Syracuse  
441 South Salina Street  
Syracuse, NY 13202

March 17, 2015

**VIA ECF FILING**
Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Maynard Munroe v. Specialized Loan Servicing LLC., et al,*
              *Case No. 14-cv-1883*

Dear Judge Brodie,

      This office represents Specialized Loan Servicing LLC ("SLS") and The Bank of New York as Trustee for the Certificate Holders of CWMBS, Inc., CIL Mortgage Pass-Through Trust 2005-04 Mortgage Pass Through Certificates Series 2005-04 ("BONY") the defendants in the above referenced action ("Defendants").

      Plaintiff, Maynard Munroe ("Plaintiff"), requested a pre-motion conference and permission to move for summary judgment by letter dated March 9, 2015. Please accept this letter as Defendants' request for a pre-motion conference pursuant to Your Honor's Motion and Individual Practices. Specifically, Defendants request the opportunity to demonstrate its entitlement to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

      Plaintiff filed the subject Complaint seeking money damages against Defendants for alleged violations of the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA") and NYC Administrative Code 20-493.2 & 5-77. The Complaint further asserts state tort claims of unconscionable and deceptive trade practices, invasion of privacy and defamation and negligent and/or intentional hiring and supervision of incompetent employees. For the reasons set forth below, Defendants shall request that the Court grant summary judgment in their favor on all counts of the Complaint.

      **I.**    **Standard**

      Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Those specific facts must be more

than "conclusory statements, conjecture, or speculation." *Opals on Ice Lingerie v. Body Lines, Inc.,* 320 F.3d 362, 370 n. 3 (2d Cir.2003).

### II. Argument

Each cause of action is predicated upon three factual allegations, each of which Defendants will demonstrate is false. First, that Defendant SLS has no relationship to a mortgage loan secured by the premises located at 98-38 218th Street, Queens Village, New York. Second, that SLS "illegally" reported Plaintiff as delinquent on the terms of the loan to the credit bureaus and failed to investigate and correct the "inaccurate" reports once disputed. Third, that Defendants are wrongfully attempting to collect on an invalid mortgage debt, a mortgage debt which has been previously satisfied or would have been satisfied if not for Defendants frustrating Plaintiff's attempts to satisfy the debt.

Through the submission of admissible evidence along with the testimony of Plaintiff provided at a deposition conducted on October 22, 2014, Defendants will conclusively demonstrate that defendant SLS became the servicer for the subject loan on November 9, 2012 and was vested with the legal authority to report Plaintiff's delinquency and seek collection of the outstanding balance. The evidence will further demonstrate that Defendant SLS properly investigated the credit dispute launched by Plaintiff with the credit bureaus and otherwise properly responded to Plaintiff's requests for verification of the debt. Finally, Plaintiff's own testimony along with the tender of documentary evidence will conclusively establish that Plaintiff delivered the subject Note and Mortgage to Defendant BONY's predecessor; that Plaintiff has failed to make monthly mortgage payments due March 1, 2011 or thereafter and that Plaintiff tendered a check to SLS' predecessor and later a check to SLS from a "closed account", which Plaintiff admits did not contain any funds and to which he admits could not have been presented for payment.

### a. Liability under the Fair Credit Reporting Act

Plaintiff's complaint first seeks damages, for violation of FCRA. FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of such information to consumer reporting agencies. *See* 15 USC 1681, *et seq*; *Redhead v. Winston & Winston, P.C.,* 2002 WL 31106934 (S.D.N.Y. 2002). As a "furnisher of information" under FCRA, the defendant SLS has a duty to provide accurate information to credit reporting agencies, and is prohibited from reporting information if it has actual knowledge, or consciously avoids knowing, that the information is inaccurate. 15 USC 1681s–2(a); *see also*, *Winston & Winston, P.C.,* at 4. Meanwhile, Section 1681s–2(b) imposes a duty upon persons who furnish consumer credit information to consumer reporting agencies to verify the sufficiency and accuracy of the furnished information when the consumer reporting agency notifies the person of a dispute. Section 1681s–2(b). Pursuant to section 1681s–2(c)(1), however, only 15 USC 1681s–2(b) may be enforced by way of a private right of action; the provisions of section 1681s–2(a) may only be enforced by an appropriate government agency.

In its application for summary judgment, Defendants will demonstrate that it received the dispute from the consumer reporting agency and verified the accuracy of the furnished information in compliance with section 1681s–2(b). As a result, and as Plaintiff admits to being in default under the terms of the loan, Plaintiff cannot demonstrate a violation of the FCRA

  b. <u>Liability under the Fair Debt Collections Practices Act</u>

 Plaintiff further contends that Defendants violated 15 U.S.C. § 1692(d)(g) and (j) of the FDCPA by failing to provide a verification of debt and by engaging in harassing and abusive conduct and by attempting to collect the debt through unconscionable means.

 A review of section 1692(d) reveals that the section specifically prohibits conduct "the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt." Meanwhile, section 15 U.S.C. § 1692(g) requires within five days of the initial communication with a consumer regarding a debt, a debt collector must send a written notice containing a "validation notice," which includes "the amount of the debt, the name of the creditor, a statement that the debt's validity will be assumed unless disputed by the consumer within 30 days, and an offer to verify the debt and provide the name and address of the original creditor, if the consumer so requests." *Russell v. Equifax,* 74 F.3d 30, 34 (2d Cir.1996).

 As an initial matter, Defendant BONY is the owner of the debt and generally, debt collectors, not creditors, are subject to the FDCPA. Further, a review of the Complaint as well as the evidence produced through discovery reveals that Plaintiff is unable to demonstrate any abusive conduct on behalf of the Defendants. In fact, Plaintiff fails to point to any specific acts of non-compliance other than the reporting of the Plaintiff's delinquency to the credit bureaus, the commencement of a foreclosure action and the attempt to collect an alleged "invalid debt". Furthermore, the documentary evidence in support of the motion for summary judgment will conclusively demonstrate that Plaintiff timely responded to several demands for verification of the debt sent by Plaintiff and provided Plaintiff with the information required pursuant to section 1692(g). As a result, no triable issues of fact exist which should preclude an award of summary judgment in Defendants' favor on Plaintiff's FDCPA cause of action.

  c. <u>Liability for state tort claims</u>

 After Defendants demonstrate entitlement to summary judgment on the federal claims above, this Court should decline to exercise jurisdiction over the remaining state tort claims. However, if this Court elects to exercise jurisdiction, it would find that Plaintiff cannot establish the existence of sufficient facts to support any of the remaining claims, whether that claim be invasion of privacy, negligent hiring or unconscionable and deceptive trade practices. Each claim asserted by Plaintiff is predicated upon one of the three factual allegations recited above, which shall be wholly disproven in Defendants application for Summary Judgment.

 For the foregoing reasons, Defendants respectfully requests a pre-motion conference regarding their proposed motion for summary judgment. Defendants further reserve the right to move on other grounds as well in its anticipated motion for summary judgment.

         Respectfully submitted,

         /s/ Jordan J. Manfro
         Jordan J. Manfro

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 17, 2015, true and accurate copies of the foregoing Pre-Motion Letter was served on the party listed below by depositing true copies of the same enclosed in a post-paid properly addressed wrapper, in - a post office - official depository under the exclusive care and custody of the United States Postal Service within the State of New York, as indicated below.

**<u>Via Regular Mail</u>**
Maynard Munroe
Plaintiff Pro Se
216-22 Jamaica Avenue
Queens Village, NY 11428

        Yours, etc.,
        **KNUCKLES, KOMOSINSKI & ELLIOTT, LLP**

        By: <u>/s/   Jordan J. Manfro</u>
        JORDAN J. MANFRO, ESQ.
        565 Taxter Road, Suite 590
        Elmsford, New York 10523
        Telephone: (914) 345-3020
        Facsimile: (914) 366-0080
        (JM4291)

*Attorneys for Defendants*
*Specialized Loan Servicing, LLC & The Bank of New York as Trustee for the Certificate Holders of CWMBS, Inc., CIL Mortgage Pass-Through Trust 2005-04 Mortgage Pass Through Certificates Series 2005-04*