IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAYNARD MUNROE.;<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS, INC., CIL MORTGAE PASS-THROUGH TRUST 2005-04 and SPECIALIZED LOAN SERVICING LLC.;<br><br>Defendant. | CASE NO.: 14-CV-1883 MKB |

## REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANTS CROSS-MOTION FOR SUMMARY JUDGMENT

In Defendant's Opposition To Plaintiffs' Motion For Partial Summary Judgment, ("Opposition"), opposing counsel presents a variety of unfounded arguments in an attempt to avoid and defeat the issue on which plaintiffs seek partial summary judgment, namely, whether defendants are "Debt Collectors" or are they "Creditors" and did they satisfy the statutory requirement to verify and validate their alleged debt pursuant to the Fair Debt Collection Practices Act ("FDCPA) and N.Y.C. Admin. Code § 20-493.2.

Plaintiff Maynard Munroe, submits the following reply to opposing counsel's Opposition and the affidavit to support the motion for summary judgment inadvertently left out with the motion. The purpose of this reply is to partly respond to counsels allegations that Plaintiffs actions were fraudulent and should cause doubt on his claims. The issue of Plaintiff's right-of-

setoff an un-matured debt has been adjudicated in the State Court and upheld by the Court and it's not the basis of this action. Counsel believes by raising this unfounded argument that he can impugn the Character and integrity of Plaintiff and detract from the defendants' own conduct and behavior, specifically the overcharging, over-liening and other debt collection misconduct..

<u>PLAINTIFFS MOTION FOR SUMMARY JUDGMENT MUST BE GRANTED</u>

I.    The thrust of Defendants' argument is they are Creditors, and "the owner of the debt and generally, debt collectors, not creditors are subject to the FDCPA". However Plaintiff has disputed the alleged debt, the documents have not been authenticated. Specifically the identity of the true owner, the signatures and the documents presented are hearsay. Plaintiff request an evidentiary hearing for the defendant to bring proof of their alleged debt. Defendants received an assignment in default and are deemed Debt Collectors pursuant to 15 USC § 1692a(4); 15 USC § 1692a(6)(f)(iii) and N.Y.C. Admin. Code § 20-489(a)(7)(iii). Thus, under NYCAC 20-489, assignees or purchasers of defaulted debts whose principal purpose is the collection of that debt, whether for itself or others, is a "debt collection agency." Because the debt acquired by plaintiff was in default at the time of the acquisition and because plaintiff's principal purpose is debt collection, plaintiff is a "debt collection agency" within the meaning of NYCAC 20-489. The statutory text, as well as case law interpreting the text, renders this argument meritless. This position by the defendant is the basis for Plaintiffs' harm and injury which here is another violation by the defendant.

11.    Defendant does not address the issues presented in Plaintiff's summary judgment. After the servicing rights were transferred to SLS, Plaintiff sent a "demand for a validation of debt" notice. (There is no time restriction for the Plaintiff to demand validation under the FDCPA or

The NYC Admin. Code). SLS responded with copies of the Promissory Note, Mortgage, Signature Affidavit, Payment history/Transaction codes and payoff letters. The payoff letter makes reference to interest and "<u>other fees</u>" that are disputed. On January 22, 2014 Plaintiff filed a Consumer notice of Dispute with their attorney Druckman Law LLP. and filed into the court with specific instructions for the defendants to provide verification of the debt pursuant to 15 USC § 1692g(1); 15 USC § 1692g(2) and N.Y. City Admin. Code § 20-493.2. Pursuant to 15 USC § 1692g(1) the defendants are required to provide the amount of the debt; 15 USC § 1692g(2) the name of the creditor to whom the debt is owed. N.Y. City Admin. Code § 20-493.2 requires the debt collection agency to furnish written itemization, the principal balance of the debt and all other charges that remain or alleged to remain due. It forbids a debt collection agency from attempting to collect or contact a consumer regarding a debt after the consumer request *verification* of the debt. A debt collector is not permitted to continue to collect this debt until it provides the consumer with verification.

***ver·i·fy*** to ascertain the truth or correctness of...

If the Plaintiff concluded that the defendant already possess the information required to verify what would they be ascertaining the correctness of? The conclusion is that they MUST (if they wish to continue to attempt to collect) contact the original creditor to obtain the necessary information and documents to verify the debt. This must then be forwarded to the Consumer. A Collection Agency who merely parrots information already contained in their database in response to a dispute violates the statute as soon as they make another demand for payment.

**III.** Defendant alleges they are the Lender or they have the rights of the Lender and the capacity to accelerate the note. The notice of intent to accelerate references again the rights of

the Lender to commence a foreclosure and the rights to assert defenses to a foreclosure action attributed to the Lender. The mortgage clearly states as a condition precedent the Lender must send specific notice containing mandatory language ("Immediate Payment In Full") prior to commencing a foreclosure action. Section 22 states "*If Lender requires Immediate payment In Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and have the Property sold.*" This notice was never sent by the Lender. Even if the filing of a summons and complaint in a foreclosure action accelerates the note and mortgage BNY could not do so because they are not the Lender or have the rights of the Lender which violated § 1692e(5).

Furthermore, if the loan has been accelerated, which it never was, how can the defendants continue to charge interest and under what authority gives them the right to charge interest and fees. Defendant BNY is a REMIC and SLS is a non- bank servicer.. Section 22 of the mortgage states: "Lender may require I pay immediately the entire amount then remaining unpaid under the note and under this security instrument. *Lender may do this without making any further demand for payment*. This requirement is called "Immediate Payment In Full". 15 U.S.C. § 1692(f)(1) forbids "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Similarly, 1692(e)(2)(A) forbids "The false representation of— (A) the character, amount, or legal status of any debt". Furthermore It is unlawful to design, compile, and furnish any form knowing that it will be used to create a false belief in a consumer that a person other than the creditor is participating in the attempt to collect the debt § 1692j(a).

**IV.** The FCRA only defines creditors not debt collectors. BNY and SLS are debt collectors under the FDCPA and they do not have the capacity to furnish Plaintiffs' private information. Plaintiff does not have an account with the defendants pursuant to 15 U.S.C. § 1693a. However Defendant SLS and BONY CWHL 2005-4 are debt collectors misrepresenting there status as Creditors in violation of 15 § USC 1692e(8).

**V.** Plaintiff need only point to the fact that the Defendant is not an Original Creditor. Consequently, this fact is entirely irrelevant since Defendant timely and properly Rescinded the Transaction with Countrywide Home Loans, Inc. On January 1, 2005 in compliance with the 15 USC§1635(b)(f), Truth in Lending Act ("TILA"). By operation of law at the time of exercising this Private Right of action, the Promissory Note was therefore "Cancelled" and the Mortgage deemed "Satisfied" with the alleged Original Creditor. Furthermore, the return, refund, of all payments, fees, interest, and other monetary contributions should have been returned.

This Court is fully aware of the recent US Supreme Court decision in Jesinoski vs. Countrywide Home Loans No. 13–684. Argued November 4, 2014—Decided January 13, 2015, affirming a homeowners right to rescind.

## CONCLUSION

The defense the defendant raises in its Opposition is inapplicable. Defendant presents no evidence to rebut the narrow set of undisputed facts the Plaintiff set forth in the Motion For Partial Summary Judgment, which supports the contention that BNY and SLS are debt collectors

and are liable under the FDCPA, FCRA and N.Y. City Admin. Code § 20-493.2 As such, Plaintiff is entitled to judgment as a matter of law.

Respectfully submitted,

Dated: April 30, 2015

By: *[signature]*
Maynard Munroe, *Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 30, 2015, true and accurate copies of the foregoing Reply Brief was served on the party listed below by depositing true copies of the same enclosed in a post-paid properly addressed wrapper, in-a post office-official depository under the exclusive care and custody of the United States Postal Service within the State of New York, as indicated below.

**Via Regular Mail**
JORDAN J. MANFRO, ESQ.
565 Taxter Road, Suite 590
Elmsford, New York 10523
Telephone: (914) 345-3020
Facsimile: (914) 366-0080

By: Maynard Munroe
216-22 Jamaica Avenue
Queens Village, NY 11428
516-410-5545